UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                          Case No. 8:12-cr-93-T-33AEP

ANUER STEVENS BARKER.

_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Anuer Stevens Barker's "Motion to Amend or Correct a Sentence Pursuant to Amendment 794 Mitigating Role and Title 18 U.S.C. 3582(c)(2) to Reduce a Sentence" (Doc. # 121), which was filed on September 26, 2016. The Court directed the Government to file a response by January 31, 2017. (Doc. # 132). The Government filed its response in opposition on January 30, 2017. (Doc. # 134). For the reasons below, the Motion is denied.

**Discussion**

On March 6, 2012, a grand jury indicted Barker for (1) conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b), and

21 U.S.C. § 960(b)(1)(B)(ii) (Count One); and (2) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii) (Count Two). (Doc. # 1). On April 17, 2012, Barker pled guilty to both Counts. (Doc. ## 24, 26). The Court sentenced Barker to 135 months' imprisonment. (Doc. ## 84, 88, 92).

On November 20, 2014, Barker filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence pursuant to Amendment 782. (Doc. # 105). The Court denied the motion because Amendment 782 did not change applicable guidelines imprisonment range. (Doc. 118). But, prior to denying Barker's Amendment 782 motion, on October 22, 2015, the Court did reduce Barker's sentence to eighty-seven months' imprisonment based on the Government's Rule 35(b) motion. (Doc. ## 109, 110).

On September 26, 2016, Barker filed the instant Motion, seeking a sentence reduction under Amendment 794 and 18 U.S.C. § 3582(c)(2). (Doc. # 121). In his Motion, Barker requests the Court grant him a minor role reduction under Amendment 794, which he asserts is retroactively applicable, and sentence him to 87 months imprisonment. (Id.).

As an initial matter, the Court notes that Barker's Motion asks the Court to reduce his sentence to eighty-seven months' imprisonment, which is his current sentence. (Doc. ## 109, 110). In effect, therefore, the Motion asks for no relief at all and is due to be denied as moot. The Motion is also due to be denied on its merits, as discussed below.

Section 3582(c)(2) grants a district court the discretion to reduce a defendant's sentence if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). But, the Sentencing Commission has limited retroactive application of amendments to the sentencing guidelines in § 3582(c)(2) proceedings to those amendments listed in U.S.S.G. § 1B1.10(d). U.S.S.G. § 1B1.10(a). Accordingly, if an amendment is not listed in U.S.S.G. § 1B1.10(d), a reduction pursuant to § 3582(c)(2) is not authorized. United States v. Armstrong, 347 F.3d 905, 907-09 (11th Cir. 2003) ("only amendments, clarifying or not, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence

was based, may be considered for reduction of a sentence under § 3582(c)(2)").[1]

Because Amendment 794 is not listed among the retroactive amendments in U.S.S.G. § 1B1.10(d), Amendment 794 does not authorize a reduction in Barker's term of imprisonment under § 3582(c)(2). United States v. Harlie, No. CR 614-020, 2017 WL 78576, at *1 (S.D. Ga. Jan. 9, 2017) ("Amendment 794 is not a listed amendment in U.S.S.G. § 1B1.10(d)," and thus does not apply to defendant's § 3582(c)(2) motion); United States v. Gamarra-Murillo, No. 8:04-cr-349-T-27AAS (M.D. Fla. Dec. 2, 2016), at (Doc. # 91 at 2) ("Amendment 794 is not listed in USSG § 1B1.10(d) and therefore does not authorize a sentence reduction under § 3582(c)(2).").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Anuer Stevens Barker's "Motion to Amend or Correct a Sentence Pursuant to Amendment 794 Mitigating Role

---

[1] In 2014, after the Eleventh Circuit issued its opinion in Armstrong, subsection (c) of U.S.S.G. § 1B1.10 became subsection (d). See Amendment 780 of the U.S. Sentencing Guidelines ("redesignating subsection (c) as subsection (d)").

4

and Title 18 U.S.C. 3582(c)(2) to Reduce a Sentence" (Doc. # 121) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 31st day of January, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE